UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CR. NO. 20-18 (RDM)(DAR) |
| : | |
| JEFFREY BOSTON, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E), 18 U.S.C. § 3142 (d)(1)(A)(iii) and 18 U.S.C. § 3142 (f)(1)(D) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## I. Procedural History

At the initial appearance on January 15, 2020, the government orally moved for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Tuesday, January 21, 2020. On Thursday, January 16, 2020, the grand jury returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1).

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  The parties may proceed by way of proffer and hearsay is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community or the defendant's appearance before the court.  Therefore, the defendant should be detained. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

On Tuesday, January 14, 2020 at approximately 8:14 p.m., members of the Metropolitan Police Department's (MPD) Sixth District responded to the 3810 V Street, S.E., in Washington,

D.C. in reference to a "man with a gun" radio run that was announced over the main radio channel. A lookout was voiced for a black male, 5 feet 10 inches/5 feet 11 inches tall, wearing a white tank top and unknown colored pants on V Street, with a silver .22 gun.

Upon arrival at the referenced location, MPD officers immediately observed an individual, later identified as the defendant, matching the lookout that was broadcast. The defendant was immediately instructed to get on the ground by officers. The defendant reached around his waistband and he went to the ground. The defendant laid on the ground face up with his arms to his side. As officers approached the defendant, they observed a silver firearm at his right side.

Officers were able to make contact with the complainant (IT). IT stated that IT was coming home with their child and about to pull into the rear alley at the location when the defendant came from around a parked pickup truck and pointed a small, silver handgun directly at IT and their child. IT immediately accelerated to leave the area and called police. While speaking with police, IT positively identified the defendant, through a show up procedure, as the individual who pointed the gun at IT and their child. The defendant was placed under arrest.

The firearm was determined to be a silver in color Jimenez Arms, model JA, .380 caliber handgun with a serial number of 227924. When it was recovered, it was loaded with no round in the chamber and five (5) rounds of ammunition in the six round capacity magazine.

**B.     Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is very strong. The defendant came to the attention of law enforcement because he matched the lookout description in relation to a man with a gun. During the attempt to stop the defendant, MPD officers observed a silver firearm at the

defendant's side after he went to the ground. The firearm was recovered and determined to be a .380 caliber handgun with no round in the chamber and five (5) rounds of ammunition in the magazine. Additionally, the person who made the report to police regarding a man with a gun indicated that the man pointed the firearm at IT and their child. Shortly after the defendant was stopped, the person positively identified the defendant as the person who pointed the gun at IT and their child. Law enforcement contact with the defendant, the position and recovery of the firearm, and the witness's description of the offense were all captured on body worn camera footage. The witness's positive identification of the defendant was captured on MPD radio communications.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. The nature of the defendant's criminal conduct has remained completely undeterred as evidenced by the defendant being charged by indictment with his fifth felony offense– this time while on supervision for the same offense. The defendant has the following prior convictions:

- Unlawful Possession of a Firearm (Prior Conviction)(Washington, D.C., 2017)
- Manufacture Controlled Substance (Virginia, 2011)
- Attempted Possession with Intent to Distribute PCP (Washington, D.C., 2011)
- Unlawful Entry, Simple Assault, Attempted Possession of a Prohibited Weapon (Washington, D.C., 2008)
- Attempted Distribution of a Controlled Substance – Cocaine (Washington, D.C., 2008)
- No Permit (Washington, D.C., 2005)
- Bail Reform Act Violation – Misdemeanor (Washington, D.C., 2003)

- Attempted Robbery (Washington, D.C., 2003)
- No Permit (Washington, D.C., 2002)

The government further directs the Court's attention to additional information contained on page 6 of the defendant's Pretrial Services Agency report, which is relevant to the Court's bond analysis in this matter. The government submits that the defendant should not be released.

### D.      Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. At the time of the charged offense, the defendant was (and remains) on supervised probation in D.C. Superior Court case 2017 CF2 496, with charges of Unlawful Possession of a Firearm (Prior Conviction). This is the D.C. Superior Court equivalent of the instant charge. The defendant was sentenced to a term of imprisonment of twenty-four (24) months, followed by three (3) years of supervised release. The defendant's supervision began on March 15, 2019, and is scheduled to end on March 14, 2022.

The charged offense involves the defendant's possession of a loaded firearm while out in the community, despite being legally barred from such possession. Moreover, the defendant recklessly pointed the firearm at innocent members of the community causing great danger and fear of harm in the victims. This, coupled with the fact that the defendant was under the influence of phencyclidine (PCP) at the time of the offense, a fact that has been confirmed by the Pretrial Services Agency, created a substantial risk of harm to the community at large. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### E. There is No Condition or Combination of Conditions that Would Ensure the Defendant's Appearance or Compliance with Court-Ordered Release Conditions

The defendant's considerable criminal history and instant arrest warrant pre-trial detention. The government's evidence, the defendant's bench warrant history and prior conviction for Bail Reform Act violation, strongly support the argument that the defendant will continually circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the community safe.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                          Respectfully submitted,

                          JESSIE K. LIU
                          UNITED STATES ATTORNEY
                          D.C. Bar No. 472-845

By:         /s/
                          LISA NICOLE WALTERS
                          D.C. Bar No. 974-492
                          Assistant United States Attorneys
                          555 Fourth Street, N.W., Fourth Floor
                          Washington, D.C. 20530
                          Telephone: (202) 252-7499
                          E-mail: Lisa.Walters@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Carlos Vanegas via the Electronic Case Filing (ECF) system, this 20th day of January, 2020.

                /s/
                Lisa N. Walters
                Assistant United States Attorney